UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN BANKOSZ,

    Plaintiff,

-vs-                  CASE NO.:

MANASSEH JORDAN MINISTRIES and   6 : 15 - CV-1182-Or
YAKIM MANASSEH JORDAN,

    Defendants.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2.    The TCPA was enacted to prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7.      The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida

9.      Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

10.     Defendant, MANASSEH JORDAN MINISTRIES (hereinafter "MJM") is a purported, unverifiable, unregistered entity controlled and operated by one, YAKIM MANASSEH JORDAN (hereinafter "YAKIM") from the last known address of 708 3rd Ave, 6th Floor, New York, NY 10163. At all times material to this complaint, YAKIM has portrayed the existence of MJM as an existing entity by using the name MJM to reserve rights on his website (http://www.prophetmanasseh.com), market and advertise and to sell products on the aforementioned website.

11.     Defendant, YAKIM is an individual and citizen of the United States whose last known address is 708 3rd Ave, 6th Floor, New York, NY 10163, who owns, directs and otherwise

2

controls MJM in its endeavors including a national phone campaign to solicit donations – the practice raised as the subject of this Complaint.

12.     MJM called the Plaintiff approximately three hundred (300) times since August, 2014, in an attempt to solicit donations and/or sell a product to Plaintiff.

13.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention MJM made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1). Plaintiff will testify that he continuously heard the same pre-recorded message containing sermon from the "prophet" YAKIM on behalf of MJM.

14.     Each call MJM made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

15.     MJM has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

16.     Plaintiff does not know, nor has ever had, any business relationship with MJM or YAKIM. Plaintiff has never requested a prayer or any services from MJM or YAKIM.

17.     Beginning or about August, 2014, Plaintiff began receiving automated solicitation calls to his personal cell phone (407-***-8332) from MJM on behalf of Yakim.

18.     Plaintiff has received approximately three hundred (300) unsolicited and unwanted harassing automated calls to his cell phone from MJM on behalf of YAKIM.

19.     Due to the volume of calls received from MJM, Plaintiff was unable to catalogue every single call, however below is a small sampling of said calls:

        1) March 20, 2015 at 12:21 pm from 509-497-7242

3

2) March 21, 2015 at 3:10 pm from 509-497-7242

3) March 22, 2015 at 3:57 pm from 509-497-7242

4) March 23, 2015 at 12:19 pm from 509-497-7242

5) March 25, 2015 at 1:18 pm from 509-497-7242

6) March 26, 2015 at 3:40 pm from 509-497-7242

7) March 28, 2015 at 6:36 pm from 509-497-7242

8) March 30, 2015 at 1:19 pm from 509-497-7242

9) April 1, 2015 at 12:42 p.m. from 509-497-7242

10) April 2, 2015 at 3:20 p.m. from 509-497-7242

11) April 3, 2015 at 2:33 p.m. from 509-497-7242

12) April 5, 2015 at 1:14 p.m. from 509-497-7242

13) April 6, 2015 at 1:30 p.m. from 509-497-7242

14) April 8, 2015 at 12:47 p.m. from 509-497-7242

15) April 9, 2015 at 4:17 p.m. from 509-497-7242

16) April 11, 2015 at 4:29 p.m. from 509-497-7242

17) April 13, 2015 at 5:04 p.m. from 509-497-7242

18) April 20, 2015 at 1:44 p.m. from 509-497-7242

19) April 22, 2015 at 1:27 p.m. from 509-497-7242

20) April 27, 2015 at 11:40 a.m. from 509-497-7242

21) April 29, 2015 at 3:40 p.m. from 509-497-7242

22) May 3, 2015 at 3:51 p.m. from 509-497-7242

23) May 5, 2015 at 8:07 p.m. from 509-497-7242

24) May 6, 2015 at 1:00 p.m. from 940-503-4380

25) May 6, 2015 at 1:50 p.m. from 480-439-0125

Case 6:15-cv-01182-GAP-KRS   Document 1   Filed 07/22/15   Page 5 of 9 PageID 5

26) May 6, 2015 at 5:37 p.m. from 940-503-4380

27) May 7, 2015 at 2:16 p.m. from 480-439-0125

20.     On June 4, 2015, at 3:54 pm Plaintiff called 480-439-0125 and listened to over 8 minutes of pre-recorded sermon from the "Prophet" YAKIM, then waited another 3 minutes to speak with representative "Miranda". Plaintiff asked "Miranda" to put him on the Do Not Call ("DNC") list at this time. Plaintiff told her to please stop calling him with these prerecorded messages.

21.     Despite Plaintiff requesting that Defendant place him on the DNC list, Defendant continued calling Plaintiff's cellular phone and leaving the prerecorded messages, including but not limited to:

1)   June 6, 2015 at 11:29 am from 480-439-0125

2)   June 8, 2015 at 11:53 am from 480-439-0125

3)   June 10, 2015 at 8:17 pm from 480-439-0195

4)   June 11, 2015 at 3:14 pm from 480-439-0195

5)   June 16, 2015 at 11:40 am from 480-439-0195

6)   June 17, 2015 at 1:40 pm from 480-439-0195

7)   June 20, 2015 at 2:59 pm from 480-439-0125

8)   June 25, 2015 at 3:54 pm from 480-439-0195

9)   June 28, 2015 at 1:03 pm from 480-439-0125

10) June 29, 2015 at 3:56 pm from 480-439-0195

11) June 29, 2015 at 3:58 pm from 480-439-0195

12) July 1, 2015 at 8:09 pm from 480-439-0125

13) July 1, 2015 at 8:25 pm from 480-439-0125

14) July 2, 2015 at 4:54 pm from 480-439-0125

15) July 3, 2015 at 4:47 pm from 480-439-0125

16) July 6, 2015 at 1:14 pm from 480-439-0125

17) July 7, 2015 at 11:34 am from 480-439-0125

18) July 9, 2015 at 12:44 pm from 480-439-0125

19) July 10, 2015 at 11:43 am from 480-439-0125

20) July 10, 2015 at 3:18 pm from 480-439-0125

21) July 11, 2015 at 3:28 pm from 480-439-0125

22) July 12, 2015 at 6:26 pm from 480-439-0125

23) July 14, 2015 at 1:09 pm from 480-439-0125

24) July 15, 2015 at 11:47 am from 480-439-0125

25) July 16, 2015 at 6:20 pm from 480-439-0125

22.     MJM has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or MJM, to remove the incorrect number.

23.     MJM'S corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to MJM that they do not wish to be called anymore.

24.     MJM and YAKIM have other federal lawsuits against them alleging similar violations as stated in this complaint.

25.     MJM and YAKIM have numerous complaints against them across the country asserting that their automatic telephone dialing system continues to harass people even after requesting their number be removed.

26.     MJM and YAKIM have had hundreds of complaints from consumers all across the country asking to not be called, however the Defendant continues to call.

27. MJM'S corporate policy provided no real means for the Plaintiff to have his number removed from the call list.

28. MJM has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

29. Plaintiff did not expressly consent to MJM and YAKIM'S placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to MJM and YAKIM'S placement of the calls.

30. None of MJM or YAKIM'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31. MJM and YAKIM willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

**COUNT I**
**(Violation of the TCPA)**
**As to Defendant, Manasseh Jordan Ministries**

32. Plaintiff incorporates Paragraphs one (1) through thirty-one (31).

33. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

34. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

35. MJM repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against MJM for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the TCPA)**
**As to Defendant, Yakim Manasseh Jordan**

36.        Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37.        Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

38.        Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

39.        YAKIM repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

40.        The prerecorded messages were identified YAKIM as the person speaking and requesting donations.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against YAKIM for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@forthepeople.com
Florida Bar #: 338620
Attorney for Plaintiff