**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRIAN BANKOSZ,

      Plaintiff,

vs.

                              Case No: 6:15-cv-1182-Orl-31KRS

MANASSEH JORDAN MINISTRIES
and YAKIM MANASSEH JORDAN

      Defendants.

_____/

**DEFENDANT YAKIM MANASSEH JORDAN'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT, AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), Defendant, YAKIM MANASSEH JORDAN ("Jordan"), moves to dismiss the Complaint because Plaintiff, BRIAN BANKOSZ ("Plaintiff"), has failed to state a plausible claim against Jordan upon which relief may be granted. Alternatively, Jordan moves to dismiss the Complaint for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).

**I.**    **INTRODUCTION**

Plaintiff has asserted a two-count Complaint against Jordan and Manasseh Jordan Ministries ("MJM") for telephone calls allegedly made to his cellular telephone without consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").[1] In his Complaint, Plaintiff defines MJM as "a purported, unverifiable, unregistered entity" with a "last known address" in New York.[2] He defines Jordan as an individual, also with a "last known

---

[1] *See* Complaint (DE 1) (hereinafter, "Compl.").
[2] *Id.*, at ¶10.

1

address" in New York, "who owns, directs and otherwise controls MJM in its endeavors including a national phone campaign to solicit donations."[3]

Despite these definitions, Plaintiff's Complaint thereafter describes only acts and "corporate policies" of MJM as the sole basis for liability. Plaintiff alleges that MJM called him about 300 times since August 2014 "to solicit donations and/or sell a product."[4] Plaintiff alleges *upon information and belief* that MJM made the calls to him using an automated telephone dialing system to send messages containing prerecorded sermons from Jordan.[5] Plaintiff alleges MJM made calls to his cellular phone without his "express consent."[6] Plaintiff identifies 52 of the approximately 300 alleged calls he claims to have received from MJM, then claims he returned one of calls on June 4, 2015, and asked a "representative" named "Miranda" to stop calling him, but the calls continued.[7] Plaintiff alleges MJM's "corporate policy" is to use an automated telephone dialing system and prerecorded messages to persons like himself, and another "corporate policy" is to continue calling persons after they request the calls cease.[8] He further claims that MJM has a "corporate policy" to deny persons any means of removing their telephone numbers from its calling list and a "corporate policy" to "harass and abuse" those persons by continuing to call them.[9]

Plaintiff's Complaint asserts two counts for relief under Section 227(b)(1)(A)(iii) of the TCPA. In Count I, which reincorporates by reference all prior allegations of the Complaint, Plaintiff seeks relief from MJM, alleging that MJM willfully and knowingly violated the TCPA

---

[3] *Id.*, at ¶11
[4] *Id.*, at ¶12.
[5] *Id.*, at ¶13.
[6] *Id.*, at ¶14.
[7] *Id.*, at ¶¶19-21.
[8] *Id.*, at ¶¶22-23.
[9] *Id.*, at ¶¶27-28.

because MJM "repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone" despite Plaintiff's request to stop calling.[10] Likewise, in Count II, which reincorporates by reference all prior allegations of the Complaint including Count I, Plaintiff seeks relief from Jordan, alleging that Jordan willfully and knowingly violated the TCPA because Jordan "repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone" despite Plaintiff's request to stop calling.[11]

## II. **MOTION TO DISMISS**

Plaintiff's Complaint must be dismissed because its conclusory, confusing, and contradictory allegations fail to state a plausible[12] claim for relief against Jordan. Plaintiff has sued Jordan based solely upon his "celebrity" status as leader of MJM's ministry and not upon any plausible facts to support individual liability for alleged calls by MJM. His allegation that Jordan "owns, directs, and otherwise controls" MJM is a mere conclusion, bereft of well-pleaded facts necessary to establish personal liability for corporate acts. While Plaintiff plainly attributes the allegedly violative calls to MJM – claiming MJM made about 300 calls and Plaintiff received about 300 calls[13] – the only specific conduct he attributes to Jordan is that he delivered sermons that MJM allegedly recorded and used in its calling campaigns. This falls substantially short of alleging that Jordan personally participated in, or authorized, corporate acts in violation of the TCPA, as necessary to impose personal liability.[14]

---

[10] *Id.*, at ¶¶32-35.
[11] *Id.*, at ¶¶36-40.
[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must allege sufficient facts that, accepted as true, would state a claim for relief that is plausible on its face).
[13] Compl., at ¶¶12, 18.
[14] *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885, *4 (S.D. Fla. Mar. 27, 2013), *rev'd in part on other grounds*, 768 F.3d 1110 (11th Cir. 2014).

Plaintiff's Complaint further fails to state a plausible claim for relief because it makes contradictory allegations and it otherwise constitutes an improper "shotgun" pleading by incorporating irrelevant and contradictory allegations.[15] In his general allegations, which are reincorporated by reference in each count, Plaintiff claims MJM placed approximately 300 calls to him, and he received approximately 300 calls "from MJM on behalf of [Jordan]."[16] These allegations are reincorporated and realleged in both Count I and Count II, which make logically incompatible allegations that MJM "placed" the calls to Plaintiff and that Jordan "placed" the same alleged calls apparently at the same time. Plaintiff's Complaint injects additional contradictory facts by defining MJM as an "unverifiable" entity, and then repeatedly describing MJM "corporate" policies.[17]

To the extent Plaintiff has attempted to assert a claim against Jordan and MJM collectively without differentiating among them or their alleged actions, he fails to articulate any legal basis for treating them as a single entity. A Complaint that simply lumps together separate and distinct defendants, without alleging specific acts or conduct by an individual defendant, fails to state a claim for relief.[18] Plaintiff lumps Jordan and MJM together without distinction in multiple paragraphs, claiming MJM called him "on behalf of" Jordan, and thereby avoids alleging any specific act or omission by Jordan causing alleged harm to Plaintiff. This is improper and fails to provide fair notice to Jordan of the precise nature of the claim against him.

---

[15] *See Cox v. Bay Area Credit Services, LLC*, 2015 WL 5821785 *2 (M.D. Fla. Oct. 2, 2015) (dismissing complaint as a "shotgun pleading" for realleging and reincorporating contradictory allegations in successive counts).

[16] Compl., at ¶¶12, 18.

[17] *See Id.*, at ¶¶10, 15, 22-23, 27-28.

[18] *See Bruggemann v. Amacore Group, Inc.*, 2010 WL 935687, *3 (M.D. Fla. Mar. 15, 2010) (dismissing a claim for unjust enrichment that "lumps all of the Defendants together and merely states that the 'Defendants are possession [*sic*] of funds, assets, property and proprietary information belonging to the Plaintiffs'").

Additionally, the Complaint lacks allegations to support joint liability under the theory of piercing the corporate veil. Plaintiff merely alleges that MJM is an "entity" and Jordan is an "individual" and that Jordan "owns, directs or otherwise controls" MJM.[19] These allegations substantially fail to satisfy the pleading requirements to allege collective liability under a theory of piercing the corporate veil.[20]

Accordingly, Plaintiff has failed to allege sufficient facts supporting a plausible claim for relief against Jordan under the standard enunciated in *Twombly*, and his Complaint must be dismissed. At a minimum, the Complaint's confusing, contradictory, and speculative allegations present an utter lack of certainty as to the "who," "what," "when," "where," and "why" of the facts being alleged, rendering it unintelligible and making it impossible for Jordan to fashion a proper response. Alternatively, given the "shotgun" nature of the Complaint, if it is not dismissed, a more definite statement is in order.

### III. MEMORANDUM OF LAW

#### A. A Claim Must Be Dismissed if not Plausible on the Face of the Complaint under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that all pleadings contain, among other items, "a short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings failing this standard are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), which permits responsive pleadings to assert a defense for "failure to state a claim upon which relief can be granted." To survive such a motion to dismiss, "a complaint must contain

---

[19] Compl., at ¶¶ 9-10.
[20] *See Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d. 1114, 1120-1121 (Fla. 1984) (Florida courts are reluctant to discard the corporate form and pierce the corporate veil absent a showing that the corporation is formed or used for some illegal, fraudulent, or other unjust purpose, which a plaintiff must expressly plead and prove).

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] A "sheer possibility that the defendant has acted unlawfully" is insufficient, and "factual allegations must be enough to raise a right to relief above the speculative level."[23]

Moreover, "the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions."[24] Therefore, to avoid dismissal at the pleading stage, the complaint must contain factual allegations that plausibly give rise to an entitlement to relief.[25] "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, must be rejected as "conclusory and not entitled to be assumed true."[26] In evaluating a motion to dismiss under Rule 12(b)(6), the Eleventh Circuit Court of Appeals follows the two-step approach: (1) eliminate any allegations in the Complaint that are merely legal conclusions; and (2) where there are well-pled factual allegations remaining, the Court must assume their veracity and determine whether they plausibly give rise to a claim for relief.[27]

**B. Jordan Is Entitled to Dismissal of the Complaint Because Plaintiff Fails to State A Plausible Claim for Relief**

Plaintiff's Complaint lacks a short and plain statement of facts showing he is entitled to relief against Jordan because he fails to allege any specific act by Jordan that would give rise to liability under the TCPA. Instead, he has merely alleged a "formulaic recitation of the elements"

---

[21] *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).
[22] *Twombly*, 550 U.S. at 556; *Iqbal*, 129 S.Ct. at 1949.
[23] *Twombly*, 550 U.S. at 555-556.
[24] *Id.*; *Iqbal*, 129 S.Ct. at 1949.
[25] *Iqbal*, 129 S.Ct. at 1950.
[26] *Id.*, at 1951.
[27] *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

of individual liability for corporate acts by asserting that Jordan "owns, directs, and otherwise controls MJM in its endeavors," including alleged telephone calls to Plaintiff by MJM. He also renders his pleading incomprehensible by asserting contradictory allegations, including that Jordan "placed" the calls after alleging MJM "placed" the calls.

1. **Complaint Must Be Dismissed under Eleventh Circuit's Two-Step Approach**

Plaintiff's Complaint is defective and fails to state a claim for relief under the two-step approach followed by the Eleventh Circuit Court of Appeals in evaluating a motion to dismiss: (1) eliminate allegations that are merely legal conclusions, and (2) determine whether the remaining factual allegations plausibly give rise to a claim for relief. The Complaint is replete with allegations that are mere legal conclusions,[28] make no allegation of fact,[29] or allege facts that are wholly irrelevant to Plaintiff's claims,[30] including eleven of the twenty-four paragraph designated as "Factual Allegations." Thus, the Court must eliminate and ignore these conclusory allegations in evaluating the plausibility of Plaintiff's claims against Jordan.

After stripping away the legal conclusions in Plaintiff's Complaint, the remaining factual assertions are grossly insufficient to plausibly give rise to a claim for relief against Jordan. Notwithstanding the contradictory allegation in Paragraph 39 (Count II) that Jordan "repeatedly placed" calls to Plaintiff – implausibly suggesting that Jordan personally dialed each of the approximately 300 alleged calls to Plaintiff – it is clear that Plaintiff's allegations against Jordan arise from calls he repeatedly describes as being made by MJM. As such, Plaintiff must allege sufficient facts that, if taken as true, establish Jordan's personal liability for the acts of MJM.

---

[28] Compl., at ¶¶2-11, 14, 29-31.
[29] *Id.*, at ¶1.
[30] *Id.*, at ¶24-26.

"[I]n the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents. . . . A corporate employee typically acts on behalf of the corporation, not its owner or officer."[31] The courts have specified that "the direct commission or authorization of wrongful acts by the corporate officer" is required to impose personal liability under the TCPA.[32] If an authorization is the basis of personal liability, such authorization must be coupled with knowledge that the conduct being authorized violates the TCPA.[33] Thus, "[i]n order for [Jordan's] conduct to rise to that level here, the Court finds Plaintiff would have to show that [Jordan] failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA, or that [he] authorized or personally engaged in conduct that *clearly* violated the TCPA."[34]

Judge Scola's decision in *Mais* is directly on point. In *Mais*, Jack W. Brown was named a defendant in an action under the TCPA. Plaintiff alleged Brown was the "vice president and 20% owner of" Gulf Coast, the corporate defendant, and the person who "controlled the policies and practices of Gulf Coast regarding the TCPA and who authorized those policies and practices complained of herein."[35] Although the case was at the summary judgment stage, the court

---

[31] *Meyer v. Holley*, 537 U.S. 280, 285 & 289 (2003).
[32] *Mais*, 2013 WL 1283885, at *4; s*ee also Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001) ("[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved"); *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2015 WL 3644598, *3 (S.D. Fla. June 10, 2015) ("[I]n every known case holding a corporate officer personally liable under the TCPA, the officer had either directly committed or knowingly authorized the corporation's wrongful acts.").
[33] *See Physicians Healthsource*, 2015 WL 3644598 at *3 (requiring knowing authorization of wrongful acts).
[34] *Mais*, 2013 WL 1283885 at *4 (emphasis added).
[35] *Id.* at *1 & 3 (quoting plaintiff's complaint) (brackets omitted).

pointed out that the complaint's "scant factual allegations as to [Brown's] role in the conduct complained of" precluded Plaintiff from obtaining "any relief from Brown as a matter of law."[36] Alternatively, the court awarded Brown summary judgment on the merits because, "[w]hile Brown is the person who allegedly authorized the use of Gulf Coast's dialer, there is no evidence of plainly violative conduct by Brown personally; indeed, there is no evidence that he had anything personally to do with the calls made to Plaintiff or any putative class member."[37]

Similarly, here the Complaint does not allege facts sufficient to plausibly claim that Jordan "failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA, or that [he] authorized or personally engaged in conduct that clearly violated the TCPA."[38] The *only* conduct by Jordan alleged in the Complaint that is relevant to the TCPA claim is the allegation that he delivered sermons that were recorded and used by MJM to deliver prerecorded messages through an automated telephone dialing system in violation of the TCPA.[39] Merely allowing his voice to be recorded cannot plausibly constitute the type of conduct necessary to demonstrate that Jordan participated or authorized a telephone campaign by MJM that allegedly violated the TCPA.

Moreover, Plaintiff's conclusory allegation that Jordan "owns, directs or otherwise controls" MJM is insufficient to establish TCPA liability against him under a corporation-officer

---

[36] *Id.* at *3.
[37] *Id.* at *4 (internal quotation omitted).
[38] *Id.* at *4.
[39] Compl., at ¶¶13, 40. Jordan points out that Plaintiff's initial and central allegation about the nature of the telephone calls allegedly placed by MJM is asserted on "information and belief," a well-known buzzword for speculation. Considering that the plausibility standard requires "factual allegations must be enough to raise a right to relief above the speculative level," (*Twombly*, 550 U.S. at 555-556) Plaintiff's entire Complaint is insufficient because it is based upon mere speculation that MJM's calls violated the TCPA.

theory of liability.[40] It is in fact no different in substance from the allegation in *Mais* that the Court found to be insufficient as a matter of law: namely, that the corporate officer-defendant "controlled the policies and practices of Gulf Coast regarding the TCPA and who authorized those policies and practices complained of herein."[41] The Complaint fails to allege facts sufficient to plausibly claim that Jordan was directly involved in the calls at issue or authorized them, let alone with the requisite knowledge that the authorized conduct clearly violates the TCPA. At most, Plaintiff's sole allegation is a conclusory statement unadorned with any facts that fails to render the claim for relief plausible, requiring dismissal.[42]

### 2. Contradictory Allegations and the "Shotgun" Nature of the Complaint Further Require Dismissal

Plaintiff's Complaint is further subject to dismissal based upon facially contradictory allegations and its improper incorporation of irrelevant and contradictory allegations in each count, rendering it a "shotgun" pleading. In the "Factual Allegations" of the Complaint, Plaintiff alleges that "MJM called the Plaintiff approximately three hundred (300) times since August, 2014," and then claims, upon information and belief, that the calls were placed in a manner that violated the TCPA.[43] Subsequent paragraphs of the "Factual Allegations" make references to calls to Plaintiff made by or received from MJM and reference MJM's corporate policies regarding telemarketing and its "call list".[44] In Count I against MJM, Plaintiff reincorporates all of the "Factual Allegations" and alleges that MJM "repeatedly placed non-emergency telephone

---

[40] *Mais*, 2013 WL 1283885 at *3-4
[41] *Id*. at *1 & 3 (quoting plaintiff's complaint) (brackets omitted).
[42] *Twombly*, 550 U.S. at 555 (requiring "more than labels and conclusions," and noting that "a formulaic recitation of the elements of a cause of action will not do").
[43] Compl., at ¶¶12-13.
[44] *Id.*, at ¶¶14,-17-19, 22-23, 27-28.

calls to Plaintiff's cellular telephone."[45]  However, in Count II against Jordan, which also reincorporates by reference all of the "Factual Allegations" of the Complaint as well as the allegations in Count I, Plaintiff makes the wholly contradictory allegation that *Jordan* "repeatedly placed non-emergency telephone calls to Plaintiff cellular telephone."[46]

Given Plaintiff's allegations (a) MJM made approximately 300 calls to Plaintiff; (b) Plaintiff received approximately 300 calls; (c) MJM repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone – all of which allegations are reincorporated and realleged in Count II against Jordan – his allegation is Count II that Jordan repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone is contradictory and illogical, rendering his Complaint an improper shotgun pleading.[47]  "This type of pleading completely disregards Rule 10(b)'s requirements that discrete claims should be plead in separate counts, [internal citation omitted] and is the type of complaint that we have criticized time and again."[48]

Plaintiff's Complaint makes other contradictory, vague, and/or confusing factual allegations.  For instance, Plaintiff defines MJM as an "unverifiable" entity, yet he repeatedly describes MJM "corporate" policies,[49] reincorporating these confusing allegations in both counts. Plaintiff also claims MJM called him "to solicit donations and/or sell a product,"[50] but nowhere does he describe what product was allegedly being sold, or whether or not he made a purchase or donation.  Additionally, Paragraph 21 of the Complaint provides no reference for the singular

---

[45] *Id.*, at ¶¶32-35.
[46] *Id.*, at ¶¶36-40.
[47] *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (shotgun pleading that reincorporates prior counts and irrelevant allegations has been "condemned repeatedly" by Eleventh Circuit); *see also Cox*, 2015 WL 5821785 *2 (dismissing complaint as a shotgun pleading because contradictory factual allegations were incorporated in each count).
[48] *Magluta*, 256 F.3d at 1284.
[49] *See* Compl., at ¶¶10, 15, 22-23, 27-28
[50] *Id.*, at ¶12.

11

antecedent reference to "Defendant" when Plaintiff alleges that he requested the "Defendant" place him on a do-not-call list, but "Defendant continued calling Plaintiff's cellular phone." As such, this paragraph – which is reincorporated in both counts of the Complaint – is incomprehensible, as Jordan is unable to discern whether or not Plaintiff is alleging conduct by him or by MJM.

Accordingly, Plaintiff's Complaint fails to state a plausible claim for relief because it makes contradictory and vague allegations and it otherwise constitutes an improper "shotgun" pleading by incorporating irrelevant, vague, and contradictory allegations.[51]

### 3. Plaintiff's Complaint Improperly Lumps Together Defendants and Otherwise Fails to Allege any Conceivable Basis for Collective Liability

Plaintiff's Complaint further lacks allegations to support treating Jordan and MJM – separate and distinct parties – as a single entity either by lumping them together in making allegations or under a theory of piercing the corporate veil. It is well-established that a Complaint that simply lumps together separate and distinct defendants, without alleging specific acts or conduct by an individual defendant, fails to state a claim for relief.[52] More particularly, TCPA claims against separate defendants that fail to identify which defendant made each call – just like Plaintiff asserts here – must be dismissed for improperly lumping together defendants.[53]

---

[51] *See Cox*, 2015 WL 5821785 *2.

[52] *Bruggemann*, 2010 WL 935687, *3; *see also Cellco Partnership v. Plaza Resorts, Inc.*, 2013 WL 5436553 *7 (S.D. Fla. Sept. 27, 2013) (granting motion to dismiss in part for improperly lumping defendants together); *Pierson v. Orlando Regional Healthcare Sys., Inc.*, 2010 WL 1408391, *21 (M.D. Fla. Apr. 6, 2010) (dismissing claim against multiple defendants because "Plaintiff lumps all of these Defendants together without differentiating among them or their alleged actions");.

[53] *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011) (dismissing TCPA claim "for improperly lumping together Defendants such that Defendants do not have fair notice of the precise nature of the violation that is claimed against them")

In his Complaint, Plaintiff makes allegations suggesting that Jordan and MJM collectively called Plaintiff, or that calls were placed "from MJM on behalf of [Jordan]."[54] Plaintiff fails to identify which defendants made each call, instead lumping them together in these allegations despite having described Jordan as an "individual" and MJM as an "entity," such that they are alleged to be separate and distinct parties. As such, Plaintiff's Complaint is further defective and must be dismissed to the extent his allegations improperly lump together Jordan and MJM in describing the conduct underlying his claims, which fails to provide fair notice to Jordan of his individual acts and conduct that Plaintiff claims support liability.

The Complaint also lacks allegations to support collective liability by Jordan and MJM under the theory of piercing the corporate veil. Setting aside Plaintiff's failure to allege the existence of a corporation or business entity in the first place, to pierce the corporate veil under established Florida law applied by federal courts, a plaintiff must expressly *plead* and prove that the corporation was formed or used for some illegal, fraudulent, or unjust purpose.[55] To pierce the corporate veil, a plaintiff must plead facts to satisfy the following elements: (1) domination and control; (2) improper or fraudulent use of the corporate form; and (3) injury to the claimant as a result of the fraudulent or improper use of the corporate form.[56] Plaintiff fails even to describe a corporate entity, let alone facts to show the corporate form was misused for a fraudulent or improper purpose causing his injury.

---

[54] Compl., at ¶¶17-18, 29-30.
[55] *See Dania*, 450 So. 2d. at 1120-1121; *See also In re Hillsborough Holdings Corp.*, 166 B.R. 461, 469 (U.S. Bankr. M.D. Fla. 1994) (applying standard under *Dania* in refusing to pierce corporate veil); *see also Mais*, 2013 WL 1283885 at *3-4 (plaintiff's allegations that officer's "control" of the corporation, including control of its policies and practices for making telemarketing calls, was insufficient to support any cause of action against him premised upon piercing the corporate veil or otherwise).
[56] *In re Fundamental Long Term Care, Inc.*, 507 B.R. 359, 373 (M.D. Fla. 2014).

For all of the above-stated reasons, Plaintiff fails to allege a short and plain statement of fact showing he is entitled to relief against Jordan for his TCPA claim. As such, his Complaint fails to state a plausible claim for relief and must be dismissed under Rule 12(b)(6).

### C. In the Alternative, Plaintiff's Complaint Must Be Dismissed for Re-Filing with a More Definite Statement

As an alternative to outright dismissal, Federal Rule of Civil Procedure 12(e) permits a party to seek a more definite statement of a pleading that is so vague and ambiguous that the party cannot reasonably prepare a response. At a minimum, and for all of the reasons asserted in support of dismissal under Rule 12(b)(6), Plaintiff's Complaint should be dismissed for re-filing with a more definite statement of the allegations, which are so vague, conclusory, contradictory, and speculative that Jordan cannot reasonably prepare his response.

## IV. <u>CONCLUSION</u>

Based on the foregoing, Defendant Yakim Manasseh Jordan respectfully submits that the Complaint must be dismissed because the Plaintiff has failed to state plausible claims upon which relief may be granted against him. Alternatively, the Complaint must be dismissed for a more definite statement.

DATED: November 20, 2015

Respectfully submitted,

GREENSPOON MARDER, P.A.

JEFFREY A. BACKMAN, ESQ.
Fla. Bar No. 662501
jeffrey.backman@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 213-0140

*/s/ Brian R. Cummings*
BRIAN R. CUMMINGS, ESQ.
Fla. Bar No. 25854
brian.cummings@gmlaw.com
401 E. Jackson Street, Suite 1825
Tampa, FL 33602
Telephone: (813) 769-7020
Facsimile: (813) 426-8582

*COUNSEL FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 20th day of November, 2015. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

*/s/ Brian R. Cummings*
BRIAN R. CUMMINGS, ESQ.

**SERVICE LIST**

OCTAVIO GOMEZ, ESQ.
tgomez@forthepeople.com
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602

*COUNSEL FOR PLAINTIFF*