UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN BANKOSZ,

        **Plaintiff,**

vs.

                                        Case No: 6:15-cv-1182-Orl-31KRS

MANASSEH JORDAN MINISTRIES
and YAKIM MANASSEH JORDAN

        **Defendants.**

_____/

## DEFENDANTS' MOTION TO STAY, AND SUPPORTING MEMORANDUM OF LAW

Defendants, MANASSEH JORDAN MINISTRIES and YAKIM MANASSEH JORDAN, file this Motion to Stay this action's proceedings pending a decision by the United States Supreme Court in *Spokeo v. Robins*,[1] and in support thereof state the following.

**I.    INTRODUCTION**

In his Complaint, Plaintiff BRIAN BANKOSZ ("Plaintiff") alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (the "TCPA").[2]  Plaintiff's Complaint does not contain allegations that he suffered any concrete harm or injury in fact beyond the mere statutory damages available under the TCPA, although Plaintiff asserts in his "wherefore" clauses that he seeks "statutory damages, punitive damages, actual damages" and other such relief.[3]  Plaintiff does not allege he suffered any type of harm or injury as a result of allegedly receiving these calls, and failure to allege actual injury implicates a potentially dispositive issue that is scheduled to be decided by the Supreme Court this Term.  In *Spokeo*, the

---

[1] 135 S. Ct. 1892 (2015).
[2] *See* Complaint, Dkt. No. 1.
[3] *See Id.,* at Page 8.

1

Supreme Court will determine whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.[4] The answer to *Spokeo*'s certified question directly impacts whether Plaintiff has standing in this action under the TCPA by virtue of his bare statutory violations when he, similarly, has not suffered any concrete harm.

Accordingly, as the threshold issue of jurisdiction is implicated, in the interests of judicial economy and the public welfare, and given the lack of prejudice to Plaintiff, the Court should stay the proceedings in this action pending the outcome in *Spokeo*.

## II. ARGUMENT

### A. Courts Routinely Stay Cases under These Circumstances

The pending Supreme Court decision in *Spokeo* may have a significant, if not dispositive, effect on threshold issues of standing and subject-matter jurisdiction in this case. There is substantial precedent for granting a stay under such circumstances. The Eleventh Circuit and other courts have routinely stayed proceedings in cases pending the Supreme Court's resolution of a related case that may be dispositive or significantly affect the case being stayed.[5] And, more

---

[4] Ex. A at i (Pet. for Writ of *Certiorari*, *Spokeo, Inc. v. Robins*, available at 2014 WL 1802228).

[5] *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1247 (11th Cir. 2011) (noting the court had previously "stayed its . . . proceedings" in the case "to await the Supreme Court's decision in *Vaden*, which raised a substantially similar jurisdictional question"); *Assoc. for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005) (noting "appeal was stayed pending the Supreme Court's decision in *Tennessee v. Lane*"); *Colby v. Publix Super Mkts., Inc.*, No. 2:11-CV-590-RDP, 2012 WL 2357745, *2-3 (N.D. Ala. 2012); *Bainbridge v. Tuter*, No. 8:99-CV-2681-T-27TBM, 2004 WL 5579425, *1 (M.D. Fla. Sept. 24, 2004); *Held v. Davis*, 778 F. Supp. 527, 528 (S.D. Fla. 1991); *Sierra Club v. Coca-Cola Corp.*, 673 F. Supp. 1555, 1557 (M.D. Fla. 1987); *Sigvartsen v. Smith Barney Harris Upham & Co.*, No. 84-540-CIV-T-15, 1985 WL 8033, *1 (M.D. Fla. May 31, 1985).

specifically, a significant and increasing number of courts have stayed cases on account of the very Supreme Court case at issue here, *Spokeo*.[6] Indeed, Judge Cooke of the Southern District of Florida stayed a TCPA case in July pending the Supreme Court's decision in *Spokeo*[7] and, just two weeks ago, stayed a case seeking damages under the Fair and Accurate Credit Transactions Act pending a decision in *Spokeo*.[8]

While Plaintiffs may argue that Eleventh Circuit precedent is in agreement with the Ninth Circuit decisions being appealed in *Spokeo* – that violation of a statutory right is sufficient injury in fact to confer standing[9] – those facts do not preclude a stay. Judge Cooke noted these "binding precedent[s]" in *Boise*.[10] The question is not whether there is controlling precedent to guide the Court pending Supreme Court rulings to the contrary, but whether such Supreme Court rulings would have significant consequences that would justify staying the proceedings.[11] Indeed, a large number of the courts that have stayed proceedings pending a ruling in *Spokeo* are courts within the Ninth Circuit, the Circuit Court of Appeals from which the appeal originated.

---

[6] *See, e.g., Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015); *Yaakov v. Varitronics, LLC*, No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501 (D. Minn. Aug. 28, 2015); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal. July 20, 2015); *Provo v. Rady Children's Hosp.-San Diego*, No. 15CV0081 JM BGS, 2015 WL 6144029, *2 (S.D. Cal. July 29, 2015); *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, *2 (N.D. Cal. June 22, 2015).

[7] *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, *5-6 (S.D. Fla. July 6, 2015).

[8] *Lopez v. Miami-Dade County*, Case No. 15-Civ-22943, 2015 WL 7202905 *1 (S.D. Fla. Nov. 6, 2015).

[9] *See Palm Beach Golf Center–Boca, Inc. v. Sarris*, 781 F.3d 1245, 1251-52 (11th Cir. 2015).

[10] 2015 WL 4077433 at *6.

[11] *See, e.g., id.* ("[W]ithout a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant [in *Spokeo* and another case].").

Moreover, while *Spokeo* involves the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and not the TCPA, any suggestion that the Supreme Court's decision in that case would have no application here is dubious. The decision likely will have a far reaching impact on all cases in which, like this one, plaintiffs seek only statutory damages. The petition in *Spokeo* explains that the question presented implicates claims brought under a wide range of federal statutes, including the TCPA.[12] And, indeed, courts have stayed TCPA cases on the basis that *Spokeo* may directly apply. For example, as Judge Cooke explained in *Boise*, "the ruling in *Spokeo* may apply to the Court's subject matter jurisdiction over statutory violations generally, including violations of the TCPA."[13]

**B.    Legal Standard**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.[14] "In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court."[15] The proponent of a stay has the burden of proving the requested stay is

---

[12] Ex. A at 16-19.

[13] *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, *5 (S.D. Fla. July 6, 2015). *See also*, *e.g.*, *Lopez*, 2015 WL 7202905 *1 ("A decision in *Spokeo* may conclusively determine whether this Court has subject matter jurisdiction over Plaintiff's claims"); *Duchene*, 2015 WL 5947669 at *1 ("*Spokeo* itself deals with the Fair Credit Reporting Act, but a ruling in *Spokeo* would likely have a direct impact [on] other statutory damages cases, such as the present TCPA case.").

[14] *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

[15] *Brent v. Source Interlink Distribution, LLC*, No. 2:14-CV-52-FTM-38DNF, 2014 WL 4162770, *2 (M.D. Fla. Aug. 21, 2014). *See also Jones v. United States*, No. 04-60216-CR, 2008 WL 2594684, *1 (S.D. Fla. May 12, 2008), report and recommendation adopted in part, No. 04-60216-CR, 2008 WL 2594661 (S.D. Fla. June 27, 2008) ("The general factors governing

justified.[16] Here, a stay of the proceedings pending the decision in *Spokeo* is warranted because the decision will bear on whether the Plaintiff has standing to even bring claims seeking only statutory damages under the TCPA.

### 1. *Spokeo* May Have a Dispositive Effect on this Action

If the Supreme Court finds in *Spokeo* that alleging statutory damages is not enough to confer standing under Article III, then this Court will lack subject matter jurisdiction over this case. This result undercuts Plaintiffs' entire case, which seeks recovery of only statutory damages. Indeed, the *Spokeo* decision might require an immediate dismissal by this Court.[17] Awaiting a decision in *Spokeo* before requiring the parties or the Court to engage in any further proceedings that may be rendered unnecessary would be in line with how a number of other district courts have decided to handle the potentially dispositive effect of *Spokeo*.[18]

---

when it is appropriate to grant a stay pending the resolution of a claim in another forum include: 1) whether the petitioner is able to demonstrate a clear hardship or inequity if the action were to move forward; 2) the injury, if any, to the respondent; and 3) the effect of the stay on the public interest, including the judiciary's interest in efficiency, economy, and fairness.") (internal quotation omitted).

[16] *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

[17] *See Duchene*, 2015 WL 5947669, *3 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (holding that "an actual controversy must be extant at all stages of review")).

[18] *See, e.g.*, *In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, Case No. 1:15-cv-00161-IMK (N.D. W.Va. Sept. 16, 2015) (granting defendants' motion to stay pending the ruling of the Supreme Court of the United States in *Spokeo* for good cause shown); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE, 2015 WL 4602968, *1 (E.D. Cal. July 29, 2015) ("Defendant requests that this case be stayed pending the Supreme Court's decision in order to conserve judicial and party resources. The Court agrees that this is the most prudent approach."); *Boise*, 2015 WL 4077433, *6 (*Spokeo* "may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all…" and the significant 'time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like Boise lack Article III standing or that Boise's claims are moot (or both).'"); *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052, *8 (N.D. Cal. June 26, 2015) ("The competing interests in this case favor a stay. Larson and the class will not be materially harmed by a stay pending resolution of the *Spokeo*

### 2. Staying this Action and Awaiting the Potentially-Dispositive *Spokeo* Decision Will Save Judicial Economy

A stay is appropriate at this time because of *Spokeo*'s potentially dispositive consequences for the case at hand. Indeed, there is a distinct possibility that the decision will result in the Plaintiff lacking standing and the Court losing jurisdiction to hear the case. If that happens, any judicial resources spent on this matter between now and then would have been wasted.[19] As Judge Cooke noted in *Boise*, "the significant time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like [Plaintiffs here] lack Article III standing *or* that [Plaintiffs'] claims are moot (or both)."[20] Accordingly, it is in the best interests of judicial economy to conserve the Court's resources for those actions in which there is not a risk that a relatively imminent decision (within eight or fewer months) from the Supreme Court will undo any Court decisions and vitiate any costly and extensive motion practice, briefing, and discovery conducted by the litigants.

### 3. A Stay Will Benefit the Public Interest

The requested stay would also be in the public interest. Moving forward with the Sword of Damocles-like situation of a Supreme Court ruling looming over the ensuing proceedings, which could dispose of the entire action, would not serve any party's interests. Not only would all of the parties suffer prejudice should this case not be stayed, but the public at large would, as well, particularly since "[a] moderate delay here will free up judicial resources,"[21] while the

---

appeal. The Supreme Court is likely to issue a decision in the case within one year."); *Syed v. M-I LLC*, No. 1:14-CV-00742-WBS, 2015 WL 3630310 (E.D. Cal. May 29, 2015) (granting parties' stipulation for stay pending decision in *Spokeo*).

[19] *Duchene*, 2015 WL 5947669 at *4.

[20] 2015 WL 4077433 at *5; *see also Lopez*, 2015 WL 7202905, *1 ("a stay is warranted to avoid unnecessary expenditures of time and resources").

[21] *Boise*, 2015 WL 4077433 at *6.

opposite would be true absent a stay, and those limited judicial resources might ultimately be wasted.[22] *Spokeo* has been argued before the Supreme Court during its present Term, and a decision is expected to be rendered by July 2016, less than eight months from now. The public interest would be better served by entering a brief stay in this case and having the Court's time and resources directed toward the other matters on its case docket during the stay, particularly when any time spent on this case in the next eight months may end up being for naught.

### 4. None of the Parties Will Suffer a Hardship or Prejudice While Awaiting the Supreme Court's Decisions

None of the parties will be harmed or prejudiced by the brief stay requested herein. While Plaintiff may argue they have the right to the speedy resolution his claims, "having to wait eight to nine months to continue litigation is not, itself, sufficiently prejudicial to outweigh the very plain benefits of staying the case, particularly when the issues pending at the Supreme Court go to this Court's power to hear the case."[23] Indeed, the court in *Boise* held that the TCPA plaintiff in that case

> will not be unduly prejudiced or harmed by a stay of proceedings, which only stands to delay Plaintiff's potential recovery for a period likely less than twelve months. Conversely, without a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant in either one of the two cases.[24]

The court in *Boise* also found it "important that the length of the stay is neither indefinite nor immoderate," since the Supreme Court's decision in *Spokeo* is "imminent within a year."[25] That factor weighed heavily in favor of a stay in the court's decision four months ago, and it

---

[22] *Lopez*, 2015 WL 7202905, *1 (a stay is appropriate because "there is a public interest in judicial economy and efficiency").
[23] *Duchene*, 2015 WL 5947669 at *4.
[24] 2015 WL 4077433 at *6.
[25] *Id.*

7

weighs even heavier now that the same stay in this case will have a shorter duration.[26]

### III. CONCLUSION

Plaintiff will not suffer any prejudice in light of this brief delay, and, in fact, holding this case in abeyance while the Supreme Court renders a decision in *Spokeo* would lessen the Court and the parties' litigation burden, especially in light of the risk the Court that the parties run by continuing to litigate this action in the face of a Supreme Court decision that could dispose of this action entirely. It is in the best interests of this Court's available judicial resources, the public interest, and the parties' respective litigation burdens to await a decision from the Supreme Court in *Spokeo*. Accordingly, Defendants Yakim Manasseh Jordan and Manasseh Jordan Ministries, respectfully request that this Court enter an Order granting this Motion to Stay pending the Supreme Court's decision in *Spokeo v. Robins*, and ordering such further relief as this Court deems just and proper.

DATED: November 20, 2015

Respectfully submitted,

GREENSPOON MARDER, P.A.

JEFFREY A. BACKMAN, ESQ.
Fla. Bar No. 662501
jeffrey.backman@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 213-0140

*/s/ Brian R. Cummings*
BRIAN R. CUMMINGS, ESQ.

---

[26] See also *Ramirez*, 2015 WL 6159942 at *2 ("Given that the Supreme Court's decision in *Spokeo* may directly impact the Court's class certification ruling, the *Landis* factors weigh strongly in favor of staying this action pending the *Spokeo* decision. The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo* decision will likely be issued within a year per the Supreme Court's customary practice.").

          Fla. Bar No. 25854
          brian.cummings@gmlaw.com
          401 E. Jackson Street, Suite 1825
          Tampa, FL 33602
          Telephone: (813) 769-7020
          Facsimile: (813) 426-8582

*COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 3.01(g)

I hereby certify that I conferred with Counsel for Plaintiff Brian Bankosz on November 19, 2015, in a good faith effort to resolve the issues raised by this Motion and we were unable to agree on a resolution of the Motion.

*/s/ Brian R. Cummings*
BRIAN R. CUMMINGS, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 20th day of November, 2015. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

*/s/ Brian R. Cummings*
BRIAN R. CUMMINGS, ESQ.

**SERVICE LIST**

OCTAVIO GOMEZ, ESQ.
tgomez@forthepeople.com
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602

*COUNSEL FOR PLAINTIFF*

9